RICHARD W. JONES *v.* SUNFLOWER COUNTY.

COUNTY.    *Contracts.    District attorney.    Chemical analysis of stomach.  
    Criminal procedure.*

  A district attorney, in the absence of statutory authority, cannot  
by contract bind the county to pay for the chemical analysis of  
the stomach of a deceased person supposed to have been  
poisoned, although the analysis be a necessary aid to the en-  
forcement of the criminal law.

FROM the circuit court of Sunflower county.

HON. A. McC.KIMBROUGH, Judge.

Jones, the appellant, a chemist and the professor of chemistry  
in the state university, was plaintiff in the court below; Sun-  
flower county, appellee, was defendant there.

This suit was brought by appellant against appellee to re-  
cover the sum of $100 for making an analysis of a human  
stomach.   There was a judgment in the justice of the peace  
court, in which the suit was originally begun, for defendant,  
from which plaintiff appealed to the circuit court.   In the cir-  
cuit court the case was tried before the court on an agreed state-  
ment of facts, a jury being waived.   The facts are that on  
November 25, 1900, the district attorney of the circuit court  
district which embraced Sunflower county employed, with the  
consent and approval of the court, plaintiff, Jones, to make an  
analysis of a human stomach, and agreed to pay him therefor  
$100.   The stomach in question was that of a person who was  
thought to have been murdered by poison and the district at-  
torney caused the analysis to be made as an aid to the enforce-  
ment of the criminal law.   The analysis was made, and an  
order was entered by the court allowing the account and approv-  
ing it, directing the treasurer to pay it out of the common county  
fund.   The treasurer refused to pay it unless it was allowed by  
the board of supervisors.   It was presented to the board, and

disapproved by it and disallowed. Thereupon this suit was begun.

*D. M. Quin,* and *M. H. Brown,* for appellant.

It stands as unquestioned that the circuit courts must do all within their powers to bring criminals to justice, and the district attorney and the court were merely trying to meet the emergencies of the moment as they arose, in order that they might give justice to all as justice was due.

The case is simply this: A woman dies, and there is reason to suspect her husband has murdered her; poisoned her. It was necessary to have the stomach examined in order to acquit the innocent or convict the guilty. Time was a great factor in the case. It was necessary to have the analysis made as soon as was possible. Some one surely had the right to have the work done, and if it was not in the power of the presiding judge and the district attorney, those officers of the law in whose hands are held the very keys of justice, we cannot imagine to whom this power is granted. Can it be possible that they must wait until something or some one brings forth the evidence that is to make or overthrow a suit in which the public is so much concerned? Does our law contemplate any such thing? We cannot believe it! Surely it was in the power of the district attorney and the court to have this analysis made, and there is no right-thinking man who does not feel that it is unjust to withhold from the chemist the remuneration that ought to be his after he has faithfully completed the work for the public that was assigned to him by public officers. Public policy and absolute necessity demands that such debts be paid, and we look to our supreme court to remedy such errors as that made by the board of supervisors.

In support of this cause we cite you a case sent up from Yazoo county: *J. W. Cain* v. *Yazoo County,* which case is as near in point as can be found, and in our estimation fully supports the case under consideration.

*Johnson, Chapman & Neill,* for appellee.

In this state there is no law, either statutory or common, of which we have any knowledge, which would authorize the board of supervisors to pay the bill for which the plaintiff has sued. The services were rendered in making an autopsy. We know of no authority on the part of the circuit judge or district attorney to bind the county for a bill for making an autopsy. We do not think the question of public interest or public policy will answer the want of direct authority. With the same propriety the circuit judge and district attorney might employ the services of experts to give testimony in criminal cases. We know of no authority for paying for this kind of services, and we submit that the judgment of the lower court should be affirmed.

CALHOON, J., delivered the opinion of the court.

We know of no statute enabling a district attorney to bind a county by his contract with a chemist to make an analysis of the stomach of a corpse suspected to have been poisoned. In the particular case we wish there was such a statute. In the absence of it, courts cannot order an appropriation of public money. The case of *Yazoo County* v. *Cain* (affirmed Oct. Term, 1901) is not relevant. Cain's claim was based on Code 1892, § 4138, for guards for the jail.

*Affirmed.*